UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

PABLO HERRERA-SUSTAITA,

        Defendant.

No. CR-03-012-FVS

ORDER DENYING 2255 MOTION

**THIS MATTER** is before the Court on the defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, Ct. Rec. 34. The defendant is acting *pro se* in this matter and the government is represented by Pamela J. Byerly. The Court has reviewed the entire file, including the pleadings submitted by both parties, and is now prepared to rule.

**BACKGROUND**

On June 17, 2003, the Court sentenced the defendant based on his plea of guilty to the offense of Alien in the United States after Deportation in violation of 8 U.S.C. § 1326. The defendant's base offense level, as set forth by U.S.S.G. § 2L1.2, was 8. Ct. Rec. 21. Pursuant to U.S.S.G. § 2L1.2(b)(1)(B), this level was enhanced by 12 levels because the defendant was previously deported after conviction for an aggravated felony. Ct. Rec. 21. In accordance with U.S.S.G. § 3E1.1(a) and (b), the defendant's offense level was reduced by

ORDER DENYING 2255 MOTION - 1

three levels for timely acceptance of responsibility.  Ct. Rec. 21.
After adjustments were made, the defendant had an adjusted offense
level of 17.  Ct. Rec. 21.  He fell into Criminal History Category V,
which gave him a guideline range of 46-57 months imprisonment.  The
Court sentenced the defendant to 46 months imprisonment.  The
defendant timely appealed to the Ninth Circuit, Ct. Rec. 23, which
issued a mandate affirming the decision of this court, Ct. Rec 33.
The defendant now moves to vacate his sentence pursuant to 28 U.S.C.
§ 2255.

**DISCUSSION**

***A.  Grounds for Relief***

The defendant argues in his § 2255 motion that his sentence is unconstitutional pursuant to the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  The defendant also argues that he received ineffective assistance of counsel.  Under the theory of ineffective assistance of counsel, the defendant raises a number of arguments.  The defendant argues that his counsel was constitutionally ineffective because (1) his counsel did not attempt to get a better plea agreement or reduced and/or concurrent sentence, (2) an indictment was not filed within thirty days of the defendant's arraignment, and (3) the defendant's guilty plea was not made voluntarily and intelligently.

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or laws

of the United States; (2) the court was without jurisdiction to impose such sentence; or (3) the sentence was in excess of the maximum authorized by law.

### B.  *Applicability of Blakely*:

The defendant's contention that the Court violated *Blakely* when it sentenced him based on facts neither admitted by him or found by a jury is not a basis for § 2255 relief in this case.  The Ninth Circuit has held that *Blakely* is only retroactive to cases that were on direct appeal at the time the *Blakely* decision was handed down.  *Schardt v. Payne*, -- F.3d --, 2005 WL 1593468 (9th Cir. 2005) (holding that "the Supreme Court announced a new rule in *Blakely v. Washington* that does not apply retroactively to a conviction that was final before that decision was announced").  Here, the defendant was sentenced on June 17, 2003, Ct. Rec. 20.  He timely appealed to the Ninth Circuit, Ct. Rec. 23, which issued a mandate affirming the decision of this court on February 18, 2004, Ct. Rec. 33.  *Blakely* was decided on June 24, 2004.  The disposition of the defendant's direct appeal to the Ninth Circuit became final before *Blakely* was issued, and therefore, *Blakely* is not applicable to the defendant's § 2255 request.

### C.  *Ineffective Assistance of Counsel*:

To establish ineffective assistance of counsel, a defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *United States v.*

ORDER DENYING 2255 MOTION - 3

*McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984)) (internal quotation marks omitted).  To satisfy the first prong, counsel's performance must have been "outside the wide range of professionally competent assistance."  *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066) (internal quotation marks omitted).  Under the second prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068) (internal quotation marks omitted).

   *1. Determination of Sentence*

   The defendant argues that counsel was ineffective because it did not obtain the best plea agreement or a reduced and/or concurrent sentence.  The defendant argues that an agreement should have been reached based on the "fast track" system or something similar.  The Court determines that the defendant's claim is incorrect.  Defense counsel did not act outside the prevailing professional norms in regards to the plea agreement the defendant reached with the United States.  The "fast track" system is not available in the Eastern District of Washington, and therefore could not form the basis for a "better" plea agreement.  In addition, the Court's records indicate that defense counsel filed a motion for a downward departure from the sentencing range.  Ct. Rec. 15.  It was within the Court's discretion to deny the defendant's motion for downward departure, which it chose to do.  *United States v. Dubose*, 146 F.3d 1141, 1143 n.1 (9th Cir.

1998) (finding the record reflected "that the court recognized that it had the discretion to depart downward but simply refused to do so"). The Court ultimately made the determination as to what the defendant's sentence would be in this case.

The Court concludes that defense counsel did not act outside prevailing professional norms. The defendant's argument that counsel should have tried to obtain a better plea agreement for him cannot form the basis for an ineffective assistance of counsel claim. The defendant's request for § 2255 relief is denied on this basis.

*2. Indictment not Filed within 30 days of Arraignment*

The defendant argues that his counsel was ineffective because the indictment charging him with being an alien in the United States following deportation was not filed within 30 days of his arrest and/or arraignment. The record in this case does not support the defendant's contention. An indictment was filed against the defendant on January 8, 2003. Ct. Rec. 1. He was arrested and arraigned the following day, January 9, 2003. Ct. Rec. 2 and 3. These events occurred within the appropriate time frame and defendant's claim that counsel was ineffective because the defendant waived his right to have the indictment filed within 30 days of arraignment is not supported by the record. The defendant's request for § 2255 relief is denied on this basis.

*3. Voluntary and Intelligent Plea*

The defendant argues he received ineffective representation from counsel, which led to the entry of a guilty plea that was not voluntary and intelligent. A guilty plea is valid if it is

"voluntary and intelligent." *United States v. Hernandez*, 203 F.3d 614, 618. "A plea is 'involuntary' if it is the product of threats, improper promises, or other forms of wrongful coercion." *Id.* at 619 (citing *Brady v. United States*, 397 U.S. 742, 754-55, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)).  A plea is "'unintelligent' if the defendant is without the information necessary to assess intelligently 'the advantages and disadvantages of a trial as compared with those attending a plea of guilty.'" *Id.* (quoting *Brady*, 397 U.S. at 754, 90 S.Ct. at 1472).

During the defendant's change of plea hearing he was asked if anyone had threatened to harm him or someone in his family to force him to plead guilty to any crime, and to this question he answered no.  Ct. Rec. 10 at 13.  The defendant also answered in the negative when asked about whether there were any other promises or understandings between the defendant and the United States.  Ct. Rec. 10 at 12.  When questioned about whose decision it was to enter a plea, the defendant stated that it was his decision.  Ct. Rec. 10 at 13.  The defendant's counsel also indicated to the Court that the defendant's plea was made voluntarily.  Id.  These statements, taken together, indicate that the defendant's plea was made voluntarily.

During the defendant's change of plea hearing he was also asked a number of questions which go to the issue of whether the plea was being made with an understanding of its implications.  When questioned by the Court, the defendant answered he understood that pleading guilty to the crime charged meant a forfeiture of the following rights: the right to a trial by jury; the right to see,

ORDER DENYING 2255 MOTION - 6

hear and question witnesses at trial; the right to have an attorney represent him before, during and after trial; the right to remain silent and not be required to testify; the right to subpoena witnesses to come and testify; and the right to have an attorney represent him on appeal. Ct. Rec. 10 at 10-12. The defendant has presented no evidence contrary to that contained in the Court's records. Therefore, the Court determines that the defendant's plea was made voluntarily and intelligently and this is not a grounds for finding that the defendant's counsel acted ineffectively. The defendant's request for § 2255 relief is denied on this basis.

**CONCLUSION:**

The defendant's direct appeal to the Ninth Circuit was finalized prior to the Supreme Court's ruling in *Blakely* and *Blakely* cannot be applied retroactively to the defendant's case. Defense counsel's performance, in this case, did not fall below an objective standard of reasonableness. The defendant has not demonstrated that defense counsel's performance was lacking to such an extent as to undermine confidence in the outcome of this case. It was this Court that made the ultimate determination to sentence the defendant to 46 months imprisonment. The defendant has not demonstrated any error committed by this Court which would entitle him to habeas corpus relief. Accordingly, the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied.

**IT IS HEREBY ORDERED** that the defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, **Ct. Rec. 34**, is **DENIED**.

ORDER DENYING 2255 MOTION - 7

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish a copy to **counsel and the defendant.**

**DATED** this ___15th___ day of July, 2005.

```
              s/ Fred Van Sickle
              Fred Van Sickle
        United States District Judge
```